H. S. FRENCH, *et als. v.* F. A. IRWIN, *et als.*

1. CERTIFIED CHECK. *Bank check. Effect of certification.* Where an employee of a bank is authorized to certify a check, his certification binds the bank for its payment without regard to the state of the drawer's account.

2. SAME. *Same.* Where the drawee or holder of a check procures its certification, it is, thenceforward, held at his risk, and the drawer is discharged from liability thereon, as well as on the original consideration for which it was given.

Authorites cited: Coole *v.* State N. Bank of Boston, 11 Vol. A. R., 679; Same Vol. 708; Farmers and Mechanics Bank *v.* Butchers and Drovers Bank, 16 N. Y., 125.

FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CARY, Judge.

DEMOSS and MALONE for Irwin.

BAXTER SMITH and NEIL S. BROWN for French.

FREEMAN, J., delivered the opinion of the Court.

On the 13th of February, 1862, Irwin & McCaw drew their checks on the Bank of Tennessee, at Nashville, for $1,600, which were delivered to plaintiffs in payment for a lot of sugar purchased about that time. Within a few days after, perhaps on the 17th or 18th, the checks were presented to the bank, and the word

"good," signed by A. Cunningham, clerk, written across the face of them. About this time the bank was removed South, on the approach of the Federal army, and was not brought back until about May, 1860. The checks were again presented in 1866, payment refused, the bank then being insolvent, and having ceased entirely to do a regular business.

It is shown by the cashier of the bank, that the clerk, Cunningham, was authorized to certify the checks, and to bind the bank by so doing. These facts raise the question as to what was the effect of thus certifying the check by the bank.

The rule of law. is thus laid down by the Court of Appeals of New York: "The certification of a check, if written out, would contain a statement that the drawer had funds sufficient to meet it in the bank, applicable to its payment, and an agreement on behalf of the bank, that those funds should be retained and paid upon the check whenever it may be presented;" *Coole* v. *State N. Bank of Boston*, 11 Vol. A. R., 679. And whether a check when presented, is paid by the officer of the bank in money, or he gives the holder a certificate of deposit or draft, or a certificate that he will retain sufficient of the money standing to the drawer's credit, the officer is acting within the line of his duty, and the bank bound. In another case, 52 New York, 350, 11 Vol. A. R., 708, the same Court say, " the theory of the law is, that, where a check is certified to be good by a bank, the amount thereof is then charged to the account of the bank certificate

French v. Irwin.

account. Every well regulated bank adopts this practice to protect itself." If the bank fail to do this, however, it might involve itself in peril by failure of its customers, whose checks were certified without any account of their number or amount, but it would still be liable to pay its certified checks, whether it had funds or not. See *Farmers and Mechanics Bank* v. *Butchers and Drovers Bank*, 16, New York, 125.

When the holder of the check presents it, it is his own fault if he fails to receive the money. If he takes the certificate of the bank, that the check is "good," instead of the money, it is his own contract, for which the drawer is in no wise responsible, and the holder must take all the risk and responsibility of his own act. If he is unwilling to take certified check instead of the money, it is easy for him to refuse to do so, and go on the drawer for his money. We think, both on principle and all modern authority, the Court below charged correctly, that plaintiff, by having the checks certified, thereby made them their own, and held them at their own risk, and could not, after this, recover, either on the check or original consideration.

Other minor questions have been stated in argument, but this is conclusive of the case, and we need not notice them.

Let the judgment be affirmed.